## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUSTIN CARTER,

     Plaintiff,

     v.                                                                Case No. 25-4015-JAR-RES

KANSAS DEPARTMENT OF CHILDREN
AND FAMILIES,

     Defendant.

## REPORT AND RECOMMENDATION

Because Plaintiff was granted leave to proceed in forma pauperis ("IFP"), ECF No. 5, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  On March 6, 2025, the Magistrate Judge issued a show-cause order identifying the complaint's deficiencies and providing Plaintiff an opportunity to address those deficiencies before the Court conducted the statutory screening of Plaintiff's claims.  ECF No. 10.  Specifically, the Court ordered that on or before April 4, 2025, Plaintiff must either: (1) file an amended complaint that attempts to address the issues identified in the show-case order; or, alternatively, (2) file a brief that explains why the Magistrate Judge should not recommend that the District Judge dismiss Plaintiff's claims because they are barred by Eleventh Amendment immunity and because Plaintiff's complaint does not state a claim upon which relief may be granted.  *Id.* at 1.

Plaintiff did not file an amended complaint or a response to the show-cause order by the April 4, 2025 deadline or at any point since that time.  Because Plaintiff declined to file an amended complaint, the Court proceeds to screen the original complaint.  For the reasons explained below, the Magistrate Judge recommends that the District Judge dismiss Plaintiff's claims pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii)-(iii) because they are barred by Eleventh Amendment immunity and because Plaintiff's complaint does not state a claim upon which relief may be granted.

## I.    BACKGROUND

Plaintiff's complaint alleges that the Kansas Department for Children and Families ("DCF"), the sole named Defendant, violated Plaintiff's constitutional and statutory rights in "the denial and/or delay" of his Supplemental Nutrition Assistance Program ("SNAP") benefits without due process. ECF No. 1 at 1. The complaint asserts two enumerated claims against DCF—a claim arising under 42 U.S.C. § 1983 for a violation of Plaintiff's due process rights (Count I) and a claim identified as a violation of federal SNAP regulations (Count II). *Id.* at 3.

The facts alleged in the complaint are brief but straightforward:

> 7.    Plaintiff applied for **expedited** SNAP benefits and was approved approximately three weeks ago.
>
> 8.    Despite being approved, Plaintiff has not received his EBT card and, therefore, has been unable to access his benefits.
>
> 9.    Plaintiff has contacted multiple DCF employees and has been given conflicting statements regarding the status and mailing of his EBT card.
>
> 10.    Plaintiff was initially informed that his EBT card was mailed to the general mailing address in downtown Topeka. After waiting 1.5 weeks and making multiple trips, Plaintiff was later told that his card was mailed on the day he applied. Subsequently, Plaintiff was told that the card was sent to the address he provided, but it has never arrived.
>
> 11.    Defendant's failure to issue Plaintiff his approved benefits in a timely manner has caused financial hardship, food insecurity, and emotional distress.
>
> 12.    Defendant's actions constitute a deprivation of property without due process, in violation of the Fourteenth Amendment to the U.S. Constitution.

*Id.* at 2-3 (emphasis in original).

The complaint seeks declaratory relief, "an emergency injunction ordering Defendant to immediately provide Plaintiff with his EBT card and benefits," unspecified damages, costs, and attorneys' fees if applicable. *Id.* at 4. Plaintiff also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 6, which is pending before the District Judge.

The Court granted Plaintiff's motion for leave to proceed IFP on February 19, 2025, but withheld service of process on Defendant DCF pending statutory screening of the complaint. *See* ECF No. 5. On March 6, 2025, the Court issued a show-cause order identifying two deficiencies. Specifically, the Magistrate Judge explained why Eleventh Amendment immunity barred Plaintiff's claims against DCF and further explained why the complaint failed to state a claim. *See generally* ECF No. 10. The Court provided Plaintiff with an opportunity to address these issues by either: (1) filing an amended complaint that attempted to cure the issues raised in the show-cause order, including dropping DCF as a party defendant; or, alternatively, (2) filing a brief that explained why the Magistrate Judge should not recommend that the District Judge dismiss Plaintiff's claims. *Id.* at 6.

Plaintiff had nearly a month to make the required filing—up to and including April 4, 2025. *Id.* But Plaintiff did not file an amended complaint or any other response to the show-cause order by the deadline or at any point since that time.

## II.    DISCUSSION

Because Plaintiff proceeds IFP, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute authorizes the Court to dismiss a case at any stage if it determines the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B);[1] *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (screening applies to all litigants proceeding IFP). The screening process "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

In screening the complaint to determine whether it states a claim, the Court applies the same standard it applies to Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[1]     Plaintiff's complaint seeks both monetary relief and injunctive and declaratory relief. ECF No. 1 at 4. When Eleventh Amendment immunity wholly bars a claim regardless of the relief sought, courts have adopted differing approaches under the IFP screening statute. *See, e.g., Archuleta v. Utah Worker Comp. Fund*, No. 2:17-CV-155-CW-EJF, 2019 WL 1932784, at *4 (D. Utah Feb. 25, 2019) (electing to screen under § 1915(e)(2)(B)(iii) and citing *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) for the proposition that that the "Tenth Circuit has found dismissal pursuant to Eleventh Amendment Immunity appropriate on § 1915 review"), *report and recommendation adopted*, No. 2:17-CV-155, 2019 WL 1931140 (D. Utah May 1, 2019); *Gather v. OKARNG*, No. CIV-12-166-F, 2012 WL 12949948, at *1 (W.D. Okla. Feb. 16, 2012) ("Therefore, plaintiff's complaint and action is subject to dismissal under § 1915(e)(2)(B)(iii) to the extent it seeks monetary relief against defendant who is immune from suit under the Eleventh Amendment and is subject to dismissal under § 1915(e)(2)(B)(i) [as frivolous or malicious] to the extent it seeks injunctive relief against defendant who is immune from suit under the Eleventh Amendment."), *aff'd*, 463 F. App'x 803 (10th Cir. 2012); *Utah State Dep't of Workforce Servs.*, No. 2:08-CV-238CW, 2009 WL 2244628, at *1 (D. Utah July 27, 2009) (dismissing a case pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted because Eleventh Amendment immunity barred plaintiff's § 1983 claims and because none of the defendants were "persons" within the meaning of § 1983). Regardless of which approach is undertaken, all result in the dismissal of claims barred by Eleventh Amendment immunity.

the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 667 (quoting *Twombly*, 550 U.S. at 556). In applying this standard, the Court need not accept as true legal conclusions couched as factual allegations. *Id.* Although the plausibility standard does not require detailed factual allegations, it requires more than simply pleading "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Because Plaintiff proceeds pro se, the Court liberally construes his complaint. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). But in doing so, the Court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

As explained below, Eleventh Amendment immunity bars Plaintiff's claims against DCF, the sole named Defendant. Separately, neither of Plaintiff's two enumerated claims state a claim for relief that is plausible on its face.

### A.    Eleventh Amendment Immunity

Eleventh Amendment immunity bars "unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Eleventh Amendment immunity extends to state agencies. *See*

*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014).  As

the Tenth Circuit has explained, there are three exceptions to Eleventh Amendment immunity:

> First, a state may consent to suit in federal court.  Second, Congress
> may abrogate a state's sovereign immunity by appropriate
> legislation when it acts under Section 5 of the Fourteenth
> Amendment.  Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct.
> 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against
> individual state officers acting in their official capacities if the
> complaint alleges an ongoing violation of federal law and the
> plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012).  The third exception

does not apply in this case because Plaintiff has named only a state agency, and the exception

"does not apply to suits against the States and their agencies, which are barred regardless of the

relief sought."  *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1146 (D. Kan. 2019).

The other two exceptions do not apply either.  Judges in this District, including the District

Judge in this case, have found that DCF is a state agency and that there is no waiver or valid

abrogation of immunity with respect to § 1983 claims against DCF.  *See Flagg v. Kansas Dep't of

Child. & Fam. Servs.,* No. 21-1281-JAR-GEB, 2022 WL 1421541, at *3 (D. Kan. May 5, 2022)

(addressing Eleventh Amendment immunity as applied to DCF regarding § 1983 claims and

others).[2]  Accordingly, Eleventh Amendment immunity bars Plaintiff's § 1983 claim against DCF.

---

[2]       *See also Hobbs v. Kansas Dep't for Child. & Fams.*, No. CV 19-1307-KHV, 2021
WL 325839, at *3 (D. Kan. Feb. 1, 2021) (finding that Eleventh Amendment immunity barred
claims against DCF, including a § 1983 claim); *Schwab v. Kobach*, No. 18-2488-DDC-GEB, 2019
WL 4670134, at *9 (D. Kan. Sept. 25, 2019) (addressing claims against DCF and other defendants
and explaining that "Kansas has not waived immunity, and the Supreme Court has held that
Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. §§ 1983 and
1985."); *Green v. Kansas Dep't for Child. & Fams.*, No. 17-2551-JAR-JPO, 2017 WL 6619324,
at *2 (D. Kan. Dec. 28, 2017) ("Section 1983 does not abrogate states' sovereign immunity, and
states and their agencies do not qualify as 'persons' under § 1983.").

Eleven Amendment immunity would also bar Count II, which Plaintiff describes as violations of SNAP regulations.  ECF No. 1 at 3.  The complaint is void of any authority suggesting that immunity has been waived or abrogated as to this attempted claim.  *See generally Gaylord v. Kansas*, No. 23-4018-KHV-RES, 2023 WL 11868036, at *4 (D. Kan. Apr. 12, 2023) (invoking Eleven Amendment immunity as to the State of Kansas where the complaint lacked any authority suggesting that the State of Kansas has waived its immunity or that Congress has abrogated the State's immunity), *report and recommendation adopted* (Apr. 26, 2023), *subsequently aff'd*, No. 23-3075, 2024 WL 358240 (10th Cir. Jan. 31, 2024), *cert. denied*, 144 S. Ct. 2696, 219 L. Ed. 2d 1306 (2024).  Accordingly, Plaintiff's claims against DCF are subject to dismissal based on Eleven Amendment immunity.

### B.    Failure to State a Claim

### 1.    42 U.S.C. § 1983 (Count I)

Even if Eleven Amendment immunity did not bar Plaintiff's § 1983 claim, Plaintiff's complaint also does not state a § 1983 claim against the named Defendant.  As the Tenth Circuit has explained, § 1983 "imposes liability on '[e]very *person* who,' acting under color of state law, 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Thomas v. Knutson*, No. 23-7067, 2024 WL 2076315, at *3 (10th Cir. May 9, 2024) (quoting § 1983 and adding emphasis).  However, "[i]t has long been established states, state agencies, and state officials acting in their official capacities are not 'persons' under § 1983."  *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The sole named Defendant, DCF, is a state agency and not a "person" under § 1983.  Therefore, the complaint does not state a § 1983 claim against this Defendant.  *See generally id.*

(affirming the district court's dismissal of a claim against an agency of the State of Oklahoma because it was not subject to liability under § 1983); *see also McCollum v. Kansas*, No. 14-CV-1049-EFM-KMH, 2014 WL 3341139, at *1 (D. Kan. July 8, 2014) ("To the extent Plaintiffs intended to state a cause of action under 42 U.S.C. § 1983, Plaintiffs' claims are also barred. Section 1983 expressly states that only 'persons' can be sued.  States and state agencies are not persons for purposes of § 1983.  Thus, DCF and [a co-defendant] are not persons under 42 U.S.C. § 1983." (internal quotations and citations omitted)), *aff'd sub nom. McCollum v. Kansas ex rel. Sec'y of Dep't for Child. & Fams.*, 599 F. App'x 841 (10th Cir. 2015).

### 2.    Violation of Federal SNAP Regulations (Count II)

Plaintiff's attempted Count II also fails to state a claim.  The complaint characterizes Count II as a "violation of federal SNAP regulations" and specifically cites 7 U.S.C. § 2020 and 7 C.F.R. § 274.2.  ECF No. 1 at 3.  Section 2020 contains multiple subsections addressing the administration of the program.  Section 274.2 also contains multiple subsections and addresses providing benefits to participants.  The complaint does not cite to any particular subsection, and it is not apparent how either section gives rise to a private right of action that Plaintiff may bring.  By insufficiently alleging the legal authority under which Plaintiff is attempting to assert a SNAP Act-related claim, Plaintiff's "complaint insufficiently alleges the legal authority under which []he is suing them. [Defendant] has inadequate notice as to what legal statute is at issue." *Probst v. Adams Cnty. Sheriff Dep't*, No. 1:20-CV-00032-DCN, 2020 WL 5258453, at *5 (D. Idaho Sept. 3, 2020).

In general, "[t]he SNAP Act does not explicitly confer a private right of action to enforce its provisions." *Id.* at *4 (quoting *Barry v. Corrigan*, 79 F. Supp. 3d 712, 734 (E.D. Mich. 2015), *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016)).  Rather, some courts have found that certain provisions are enforceable under § 1983.  *See, e.g., McCluskey v. Lopez*, No. 24-381, 2024

WL 5182876, at *3 (2d Cir. Dec. 20, 2024) (noting that the Second Circuit had previously "concluded that the time limits in 7 U.S.C. § 2020(e)(3) are privately enforceable under § 1983"). Some courts have found that there "is a possible, quite narrow, avenue available for [a plaintiff] to state a claim for injunctive relief against the head of the agency responsible for administering the food stamp program[.]" *Owen v. CDPU*, No. 21-CV-628-WMC, 2022 WL 203476, at *2 (W.D. Wis. Jan. 24, 2022). The Court provided Plaintiff with an opportunity to file an amended complaint clarifying the contours of this attempted claim and naming a proper Defendant against whom this claim could be asserted. But Plaintiff has declined to do so. As currently pleaded, Count II fails to state a claim.

## IV.    CONCLUSION

As explained above, the Court previously provided Plaintiff with an opportunity to file an amended complaint addressing the defects outlined in the show-cause order, but Plaintiff has declined to do so. Given Plaintiff's decision not to address the issues raised in the Court's prior order, the Court finds that providing Plaintiff with another opportunity to amend likely would be futile. For the reasons explained above, the Magistrate Judge recommends that the District Judge dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because Eleventh Amendment immunity bars Plaintiff's claims and because Plaintiff's complaint does not state a claim upon which relief may be granted.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day period, no

appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

     Dated: April 15, 2025, at Topeka, Kansas.

                  /s/ Rachel E. Schwartz
                  Rachel E. Schwartz
                  United States Magistrate Judge